```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

KATHLEEN WHELEHAN,

                Plaintiff,    **No. 6:12-CV-6279(MAT)**

  -vs-                               **DECISION AND ORDER**

BANK OF AMERICA PENSION PLAN FOR
LEGACY COMPANIES-FLEET-TRADITIONAL
BENEFIT, TRUSTEES OF THE BANK OF
AMERICA PENSION PLAN FOR LEGACY
COMPANIES-FLEET-TRADITIONAL BENEFIT
and BANK OF AMERICA,

                Defendants.

**I.   Introduction**

Kathleen Whelehan ("Plaintiff" or "Whelehan") instituted this suit pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), claiming she was improperly denied retirement benefits under The Bank of America Pension Plan for Legacy Fleet (the "Legacy Plan") in connection with her alleged employment at certain predecessor banks to Bank of America Corporation. On March 17, 2014, this Court issued a Decision and Order (Dkt #32) granting Defendants' motion for summary judgment, denying Plaintiff's motion for partial summary judgment and request for discovery, and dismissing Plaintiff's amended complaint.

On April 11, 2014, Plaintiff filed a motion for reconsideration (Dkt #34) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Defendant filed a memorandum of law (Dkt

# 35) opposing the request for reconsideration and moving to strike the affidavits submitted by Plaintiff in support of her motion, and Plaintiff filed a reply (Dkt #37). The matter is now fully submitted and ready for decision.

For the reasons discussed below, the Court grants Defendants' request to strike Plaintiff's affidavits and denies Plaintiff's motion for reconsideration.

## II. Defendants' Motion to Strike Plaintiff's Affidavits

Defendants have moved to strike both of the affidavits (Dkt ## 34-1, 34-2) submitted in support of Plaintiff's motion for reconsideration. The first affidavit (Dkt #34-1) is, as Defendants argue, rife with legal conclusions, in contravention of this District's Local Rules of Civil Procedure and the applicable caselaw from this Circuit. See W.D.N.Y. L. R. Civ. P. 7(a)(3) ("An affidavit must not contain legal arguments, but must contain factual and procedural background relevant to the motion it supports."); Schwapp v. Town of Avon, 118 F.3d 106, 111 (2d Cir. 1997) (holding that to the extent affidavits contained legal conclusions-for example, that plaintiff "'was working in a hostile or abusive working environment'"-the district court "properly refused to rely on them"). The first affidavit also is defective in that it inaccurately recites the allegations set forth in the amended complaint. See Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528-29 (2d Cir. 1985) ("A party's assertion of fact

in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding. . . . [T]he district court properly disregarded [a party]'s affidavits seeking to controvert its own pleading.") (internal citations omitted)).

The second affidavit (Dkt #34-2) purports to be an "Affidavit of Facts Unavailable to the Non-moving Part" under Federal Rule of Civil Procedure 56(d). Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court reviewing a summary judgment motion may, inter alia, defer or deny the motion, or allow time for discovery. See FED. R. CIV. P. 56(d)(1)-(3). As an initial matter, none of the averments in Dkt #34-1 were unknown to Plaintiff at the time of Defendants' summary judgment motion,[1] and thus are outside the scope of Rule 56(d), which is intended to apply "When Facts Are Unavailable to the Nonmovant."

Furthermore, the affidavit is clearly untimely. The deadline for filing a Rule 56(d) affidavit is long past; any such affidavit should have been filed by Plaintiff in opposition to Defendants' summary judgment motion. However, not only did Plaintiff fail to file a timely Rule 56(d) affidavit, Plaintiff did not support *her own* cross-motion for partial summary judgment with an affidavit.

---

[1] The affidavit (Dkt #34-2) states that Plaintiff was an employee of Security Trust from 1972 to 1988; and that her employment "was not excluded from coverage under the Security Trust pension plan."

Nor did she dispute any portion of Defendants' Rule 56 Statement of Undisputed Material Facts or submit a counterstatement of material facts she believed to be disputed. Significantly, in connection with the present reconsideration motion, Plaintiff admits that she "could not, in good faith, dispute any of the statements made in Defendants' Rule 56 Statement." Dkt #34-3, p. 5.

Plaintiff's failure to timely file the purported Rule 56(d) affidavit (Dkt #34-2) she now seeks to submit is inexcusable. Rule 59 is not intended to provide a "mulligan" to attorneys who have engaged in failed litigation tactics. Accordingly, the Court declines to consider it on this motion for reconsideration. See, e.g., O&Y(U.S.) Financial Co. v. Chase Family Ltd., Nos. 93 Civ. 1855(PKL) to 93 Civ. 1857(PKL), 1994 WL 512532, at *3 (S.D.N.Y. Sept. 20, 1994) ("Chase's failure is compounded by the fact that Chase should have submitted with its opposition papers the affidavit it now seeks to introduce. . . . [T]he Court finds no basis for excusing Chase's failure to submit the affidavit in question earlier and declines to consider this affidavit on a motion of reconsideration.").

Even if the Court were to consider the affidavit, it would have no effect on its previous ruling. Plaintiff summarily avers in the affidavit that she was an employee of Security Trust from 1972 to 1988, and that her employment "was not excluded from coverage under the Security Trust pension plan. Dkt #34-2, ¶¶ 2, 3. However,

the Court specifically found, in its March 17, 2014 Decision and Order, that proof of Plaintiff's employment with a Bank of America predecessor bank "would not constitute conclusive proof of her entitlement to retirement benefits under the Legacy Plan." Dkt #32, p. 27.

Finally, to the extent that Dkt #34-2 repeats Plaintiff's request for discovery,[2] the Court has already determined that Plaintiff is not entitled to discovery. As the Court noted in its previous Decision and Order, Plaintiff represented to the assigned magistrate judge, in a letter dated November 27, 2013 (Dkt #28-2), "that discovery was neither necessary nor appropriate in this ERISA case, because it is based on an administrative record." Dkt #32, p. 18 (citation omitted). The referenced letter was approved by Plaintiff's counsel prior to it being filed electronically by Defendants. Plaintiff never objected to the letter, or indicated that the statements therein were inaccurate. It was not until after the Court granted Defendants' summary judgment motion and denied Plaintiff's request for discovery that Plaintiff asserted she had never waived discovery. As the Court found in its March 2014 order, Plaintiff's alleged need for discovery was both "belated" and "flatly contradicted by the record." Dkt #32, p. 18. Plaintiff's

---

[2] Plaintiff asserts in Dkt #34-2 that Defendants failed to review Plan records which demonstrate her vested right to a benefit from the Security Trust pension plan; and that her request for the documents outlined in the affidavit "has been denied." See Dkt #34-2, ¶¶ 4, 5.

current submissions provide no basis for the Court to reconsider its earlier discovery ruling.

**III. Plaintiff's Motion to Reconsider**

    **A.    Standard of Review**

Rule 59 of the Federal Rules of Civil Procedure provides for grounds upon which a party, inter alia, may move "to alter or amend a judgment[.]" Fed. R. Civ. P. 59(e). The standard for granting a Rule 59 "motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The Second Circuit has instructed that Rule 59 relief "should not be granted where the moving party seeks solely relitigate an issue already decided." Id. at 257.

    **B.    Analysis**

        **1.    Plaintiff's Reiteration of Prior Arguments**

Point I of Plaintiff's Memorandum of Law in Support of Motion for Reconsideration (Dkt #34-3) is titled, "PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT". Under this point heading, Plaintiff explicitly repeats arguments made in Point III of her Memorandum of Law in Opposition to Summary Judgment (Dkt #26). See Dkt #34-3, p. 6. These arguments do not provide a basis for granting reconsideration. See Rockland Exposition, Inc. v. Alliance

of Automotive, 894 F. Supp.2d 288, 344 (S.D.N.Y. 2012) (finding that party moving for reconsideration did "not even attempt to ground its argument on a change in law, clear error or manifest injustice, or new evidence" and the arguments raised "merit[ed] little discussion, as they are simply attempts to relitigate issues already decided by the Court").

In Point II of her Memorandum of Law (Dkt #34-3), Plaintiff asserts that the administrative record does not contain substantial evidence to sustain the decision of the Benefits Appeals Committee ("BAC"). Plaintiff already had the opportunity to make such a showing in her opposition to Defendants' summary judgment motion, but she failed to do so. Nevertheless, Plaintiff persists in arguing that if the Court had properly assumed the truth of her allegation that she was an employee of Security Trust from 1972 to 1988 (based on the Social Security Administration document which was not part of the administrative record), it would have concluded that she was entitled to pension benefits and that the BAC's decision was arbitrary and capricious. The Court, however, specifically found that *even if* it were to consider Social Security Administration record as proof of her employment at Security Trust, it would "not change the result or render the [BAC]'s decision arbitrary and capricious." Dkt #32, pp. 24-26. Plaintiff has provided no basis for the Court to deviate from its prior ruling that "the law places the burden squarely on Plaintiff to prove,

affirmatively, that she is entitled to pension benefits under the Plan," and that she clearly failed to do so.

In Point IV, Plaintiff requests that reconsider its ruling on her claim that she meets the definition of "participant" as defined in § 3(7) of ERISA, 29 U.S.C. § 1002(7) for purposes of obtaining plan documents under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), and Section 502(c)(1), 29 U.S.C. §1132(c)(1).[3] "Section 104(b)(4) of ERISA requires that a plan administrator deliver certain specific documents upon the written request of any plan *participant or beneficiary*." Baackes v. Kaiser Foundation Health Plan, Inc., 990 F. Supp.2d 228 (N.D.N.Y. 2014) (citing 29 U.S.C. § 1024(b)(4) (emphasis supplied)). "If the plan administrator does not deliver the documents within thirty days, ERISA authorizes a court in the exercise of its discretion to assess penalties of $100.00 for each day the documents are late." Id. (citing 29 U.S.C. § 1132(c)(1)). As Defendants note, Plaintiff has not established, and cannot establish, that she has met the requirements contained in these sections (e.g., that she was a "participant" or "beneficiary" who made a request that the administrator was required to honor for specific documents the administrator would have been required to furnish).

---

[3] Plaintiff's purported claim that she was a participant and entitled to receive plan documents (her second cause of action in the amended complaint) is brought under ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4), and Section 502(c)(1), 29 U.S.C. §1132(c)(1).

Moreover, as Defendants argue, Plaintiff's continued demand to have the Court adjudicate her status separately as a "participant" under Section 1002(7) is simply an attempt to make an end-run around the arbitrary and capricious standard of review applicable to the BAC's decision regarding her claim for benefits under the Legacy Plan. In its March 17, 2014 Decision and Order, the Court, after extensive discussion, affirmed the BAC's decision that Plaintiff is not a "participant" in the Legacy Plan entitled to pension benefits. Plaintiff's request to have the Court declare that she is a "participant" under Section 1002(7) for purposes of obtaining documents under Section 1024(b)(4) cannot be reconciled with the Court's affirmance of the BAC's decision that she is not a plan participant.

## 2.  Plaintiff's Mischaracterization of the Facts

Plaintiff asserts that the Benefits Appeals Committee "slam[med] the door on consideration of any collateral evidence [she] might have to establish her eligibility[,]" Dkt #34-3, p. 8, and suggests that she was not "afforded a full and fair review of her claim." Id., p. 7. This is a misrepresentation of the facts. When Plaintiff's claim for pension benefits was denied, the Benefits Appeals Committee specifically informed her as follows:

> As part of your appeal, you may submit written issues and comments, documents, records and other information relating to the claim. *Upon request and free of charge, you will be provided reasonable access to, and copies of, all documents*. . . relevant to your claim for benefits. . . .

Dkt #22-5, p. 27 (emphasis supplied). Plaintiff was advised that if she failed, on administrative appeal, to raise issues or present evidence subsequent review of such issues or evidence could be precluded. Plaintiff, however, admits that she did not request any documents or records in connection with her administrative appeal. See Dkt #5, ¶ 36. Everything that Plaintiff did submit to the BAC was made part of the administrative record. See Dkt #22, ¶¶ 19, 25-27.

It therefore is highly misleading for Plaintiff to suggest that the BAC "slammed the door" on her claim or in any way denied her access to relevant information or documents. The fact of the matter is that Plaintiff did not exercise due diligence in pressing her claim on administrative appeal, despite being told that she could request relevant documents at no charge, and despite being warned that her failure to raise issues or present evidence on administrative appeal could have a preclusive effect later.

### 3. Alleged Breach of Fiduciary Duty

Plaintiff requests reconsideration of the Court's dismissal of her third and fourth causes of action for breach of fiduciary duty,[4] which she asserts were brought pursuant to ERISA § 502(a)(2). Plaintiff argues that these claims were not part of

---

[4] The third cause of action alleges that Band of America, as Plan Administrator, breached its fiduciary duty to Plaintiff by refusing to provide access to her employment records. The fourth causes of action alleges, without elaboration, that the Trustees of the Legacy Plan breached their fiduciary duty to Plaintiff.

Defendants' motion for summary judgment and therefore she did not have notice that they were subject to dismissal. As Defendants point out, this is inaccurate. Plaintiff did not refer to any statutory sections of ERISA, let alone any other law, in the allegations setting forth the third and fourth causes of action.

Moreover, Plaintiff's amended complaint specifically indicated that her lawsuit was a claim for benefits under the Legacy Plan pursuant to ERISA § 502(a)(1)(A) and (B), 29 U.S.C. § 1132(a)(1)(A) and (B)–not a claim for breach of fiduciary duty under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). See Amended Complaint (Dkt #5), ¶ 6. As Defendants argue, Plaintiff is not entitled to bring suit under ERISA § 502(a)(2) to obtain payment of Legacy Plan benefits, because § 502(a)(2) confers "no private right of action for compensatory or punitive relief by an individual participant or beneficiary." Fisher v. Penn Traffic Co., 06 Civ. 5848, 2007 WL 496657, at *2 (S.D.N.Y. Feb. 16, 2007) (citing Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985)), aff'd, 319 F. App'x 34 (2d Cir. 2009), cert. denied, 558 U.S. 1007 (2009). Instead, ERISA § 502(a)(2) "authorize[s] *plan* participants to bring suit in a representative capacity on behalf of the *plan*, against a fiduciary of the *plan* to remedy that fiduciary's mismanagement of the *plan's assets*, and restore to such *plan* those losses suffered by the *plan* as a whole." Id. (citing Russell, 473 U.S. at 144; Coan v. Kaufman, 457 F.3d 250, 257 (2d Cir. 2006); Lee v. Burkhart, 991

F.2d 1004, 1009 (2d Cir. 1993) (holding that Russell "bars plaintiffs from suing under § 502(a)(2) because plaintiffs are seeking benefits on their own behalf, not on behalf of the Plan"); emphases in original).

Furthermore, to the extent that Plaintiff's memorandum can be interpreted as implying a claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), it, too, is not viable. Section 502(a)(3), in contrast to Section 502(a)(2), does permit "individual suits for equitable relief to remedy a breach of fiduciary duty. . . ." Moore v. Fox Chevrolet, Oldsmobile, Cadillac, Inc., No. 5:06-CV-42(FJS/GJD), 2007 WL 925721, at *6 (N.D.N.Y. Mar. 26, 2007) (citing 29 U.S.C. § 1132(a)(3)). However, this cause of action is only permissible when ERISA § 502, 29 U.S.C. § 1132 affords no other means of relief to an individual claimant. Varity Corp. v. Howe, 516 U.S. 489, 515 (1996); see also Owen v. Soundview Fin. Group, Inc., 208 F.3d 203, 2000 WL 287684, at *3 (2d Cir. 2000) (unpublished opn.). In Varity, the Supreme Court noted, "[W]e should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief [under 29 U.S.C. § 1132(a)(3)] normally would not be 'appropriate.'" 516 U.S. at 515. Courts in this Circuit have interpreted that statement to mean that a claimant may not seek the same relief under 29 U.S.C. § 1132(a)(3) as she is seeking under another subsection of § 1132.

See, e.g., Moore, 2007 WL 925721, at *6 (citations omitted); Fitch v. Chase Manhattan Bank, N.A., 64 F. Supp.2d 212, 229 (W.D.N.Y. 1999) (claim under 29 U.S.C. § 1132(a)(3) precluded where plaintiff sought same relief under 29 U.S.C. § 1132(a)(1)(B)) (citing Joyce v. Curtiss-Wright Corp., 992 F. Supp. 259, 270-71 (W.D.N.Y. 1997)). Where, as here, Plaintiff can bring, and has brought an action under Section 502(a)(1)(B) for benefits, courts have relied on Varity, 516 U.S. at 515, to find a Section 502(a)(3) claim precluded when it seeks the same relief as the recovery of benefits claim. E.g., Tardif v. General Elec. Co., No. 498CV1374, 2000 WL 33376644, at *10-*11 (D. Conn. Sept. 30, 2000) (collecting cases).

## V.  Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt #34) is denied in its entirety with prejudice. Defendants' request to strike Plaintiff's affidavits (Dkt ##34-1, 34-2) is granted. Plaintiff's request for discovery, contained in her motion for reconsideration, also is denied with prejudice.

**SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   August 29, 2014
         Rochester, New York